**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 09-07451 EAG |
| MARÍA ZORAIDA AYALA PAGÁN, | CHAPTER 13 |
| DEBTOR. | FILED & ENTERED ON 04/14/2014 |

**OPINION AND ORDER**

Banco Popular de Puerto Rico ("Banco Popular") filed several amendments to secured proof of claim number 8, originally filed by Westernbank Puerto Rico ("Westernbank"). [Claims Register Nos. 8-2, 8-3 & 8-4.] Debtor María Zoraida Ayala Pagán (the "debtor") objected to the amendments of the claim. [Docket Nos. 41 & 48.] The parties then filed cross motions for summary judgment. [Docket Nos. 67, 73 & 78.] For the reasons stated below, Banco Popular's motion for summary judgment is hereby denied and the debtor's motion for summary judgment and objection to Banco Popular's amended proof of claim are granted.

**I. Jurisdiction.**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] All references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico. Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. And all references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.

## II. Procedural Background.

The debtor filed a petition for relief under chapter 13 of the Bankruptcy Code and a chapter 13 plan on September 2, 2009.  [Docket Nos. 1 & 2.]  Banco Popular, as successor in interest to Westernbank, holds a claim secured by the debtor's principal residence. [Claims Register No. 8-1; Docket No. 44.]   On October 13, 2009, the debtor filed secured claim number 5 on behalf of Westernbank in the amount of $23,544.72.  [Claims Register No. 5-1.] The chapter 13 plan was confirmed on November 12, 2009.  [Docket No. 30.] On December 21, 2009–after confirmation of the plan–Westernbank filed its own secured claim number 8 in the amount of $23,587.14.  [Claims Register No. 8-1.]  On May 5, 2011, Banco Popular amended claim number 8 to the amount of $39,029.55.  [Claims Register No. 8-2].  On the same date, the debtor objected to Banco Popular's amended claim.  [Docket No. 41.]  On August 26, 2011, Banco Popular filed a notice of transfer of claim number 8 from Westernbank to Banco Popular. [Docket No. 44.] Several days later the debtor opposed the transfer. [Docket No. 45.]

Banco Popular further amended claim number 8 on August 29, 2011 to exclude prepetition arrears.  [Claims Register Nos 8-3.] And, on October 25, 2011, Banco Popular amended for the last time its claim to include a payoff statement and reflect $30,312.38 as the actual amount due.  [Claims Register No. 8-4.]  On November 16, 2011, debtor requested an entry of order as to her objection to Banco Popular's latest amendment to its claim. [Docket No. 48.]  A hearing was held on February 28, 2012, at which the court granted the debtor a term to file a motion for summary judgment on the objection to claim number 8. [Docket No. 62.]  Debtor filed a statement of material facts on May 29, 2012, and moved for summary

judgment on June 1, 2012. [Docket Nos. 67 & 73.] On August 1, 2012, Banco Popular filed an opposition to the debtor's motion for summary judgment and its own cross motion for summary judgment. [Docket No. 78.]

### III. Local Anti-Ferreting Rule.

The local anti-ferreting rules "aid the court in identifying genuine issues of material fact which will necessitate denial of summary judgment . . . ." Rosa Morales v. Santiago Diaz, 338 F. Supp. 2d 283, 294 n.2 (D.P.R. 2004) (citing L.Civ.R. 56(c) and Corrada Betances v. Sea-Land Serv. Inc., 248 F.3d 40, 43-44 (1st Cir. 2001)). Local Civil Rule 56(b) requires a party moving for summary judgment to file, annexed to its motion, "a separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried . . . supported by a record citation . . . ." L.Civ.R. 56(b). Local Civil Rule 56(c) then requires the nonmoving party to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. L.Civ.R. 56(c). Local Civil Rule 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." The anti-ferreting provisions of Local Civil Rule 56 also provide that the court has "no duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L.Civ.R. 56(e).

The debtor and Banco Popular complied with Local Civil Rule 56(b) by filing a statement of material facts supported by record citations. However, both parties ran afoul of Local Civil Rule 56(c) by failing to file an opposing statement of facts to each other's statement. Therefore, as provided by Local Civil Rule 56(e), all properly supported material facts set forth by the debtor and Banco Popular in their respective statements of facts are deemed admitted. See Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45-46 (1st Cir. 2004) ("We have consistently upheld the enforcement of this rule, noting repeatedly that 'parties ignore [it] at their peril' and that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.'") (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citing prior cases)).

**IV. Uncontested Facts.**

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d):

The debtor's residence was mortgaged to Westernbank prior to the filing of the petition. [Schedule A, Docket No. 35; Debtor's statement of material facts at ¶ 2, Docket No. 63.] The debtor's proposed chapter 13 plan provided for the "payment in full" of Westernbank's claim in the amount of $23,544.72. [Docket No. 2; Debtor's statement of material facts at ¶ 5, Docket No. 63.] Claim number 5, as filed by the debtor on behalf of Westernbank, was in the amount of $23,544.72, and did not include interest or other charges in addition to the principal amount

of claim. [Claims Register No. 5-1.] After notice to all creditors, and no objections having been filed, the court confirmed the debtor's plan on November 15, 2009. [Docket Nos. 9 & 30.] On December 21, 2009, after confirmation of the plan, Westernbank filed claim number 8 in the amount of $23,587.14. [Claims Register No. 8-1.] Westernbank did not check the box in section 4 of the claim form to include interest or other charges in addition to the principal amount of the claim. [Claims Register No. 8-1.] A certificate of debt was included with claim number 8, which itemized the $23,587.14 debt as of September 2, 2009 as follows: $23,021.97 in principal, $478.35 for interest due, and $86.82 in late fees. [Claims Register No. 8-1.] Westernbank also included with its claim copies in the Spanish language of the promissory note, pledge agreement, mortgage note, and mortgage deed executed by the debtor's mother, Mrs. Etanisla Pagán, on May 11, 2000. [Claims Register No. 8-1.] The debtor inherited the mortgage obligation to Westernbank upon the death of her mother. [Docket No. 35.] The proofs of claims filed by the debtor and Westernbank show that the claim is oversecured. [Claims Register Nos. 5-1 & 8-1.] The last payment under the loan documents is due before the plan-completion date. [Debtor's proposed uncontested facts at ¶ 4, Docket No. 63; Banco Popular's proposed uncontested facts at ¶ 18, Docket No. 78.]

Westernbank's claim was later transferred to Banco Popular. [Docket No. 44]. On May 5, 2011, Banco Popular amended claim number 8 to include interest accrued from the filing of bankruptcy the petition to the plan-completion date. [Claims Register 8-2; Banco Popular's proposed uncontested facts at ¶ 31, Docket No. 78.] On August 29, 2011, Banco Popular filed another amendment to its claim. [Claims Register 8-3.] On October 25, 2011, Banco Popular filed a third amendment to its claim with a payoff statement as of September 30, 2011, totaling

$30,312.38, which includes $5,043.89 in pre- and post-petition interest. [Claims Register No. 8-4; Debtor's proposed uncontested facts at ¶ 11, Docket No. 63; Banco Popular's proposed uncontested facts at ¶ 39, Docket No. 78.]

### V. Summary judgment standard.

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. Id. An issue is

"genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially outcome-determinative. <u>See</u> <u>Calero-Cerezo v. U.S. Dep't of Justice</u>, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." <u>Medina-Muñoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." <u>Greenburg v. P.R. Mar. Shipping Auth.</u>, 835 F.2d 932, 936 (1st Cir. 1987); <u>see</u> <u>also</u> <u>Mulero-Rodríguez v. Ponte, Inc.</u>, 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting <u>Petitti v. New England Tel. & Tel. Co.</u>, 909 F.2d 28, 34 (1st Cir. 1990)).

## VI. Applicable Law and Discussion.

Two issues are before the court. The first, whether Westernbank had sufficient notice that the proposed plan would pay no interest on its oversecured claim. The second, whether Banco Popular can collaterally attack the confirmed plan. For the reasons that follow, the court finds that the proposed plan gave Westernbank sufficient notice that it would receive no

7

interest on its oversecured claim and that, by having failed to object to the confirmation of the plan, Banco Popular is now bound by terms of the plan.

Banco Popular filed three amendments to claim number 8 on the premise that it is entitled to postpetition interest as an oversecured creditor under section 506(b). [Banco Popular's motion for summary judgment at ¶ 47, Docket No. 78.] The plan states that Westernbank will be paid in full and specifies the dollar amount. And claim number 8 filed by Westernbank did not include postpetition interest. Banco Popular, nevertheless, argues that the plan did not give notice that the debtor would not pay postpetition interest.[2] [Id. at ¶ 54.] Thus, Banco Popular says that there was no reason for Westernbank to object to the plan because "in full" cannot be interpreted as "no interest." [Id. at ¶ 58.] The court disagrees.

In the case of In re Fawcett, 758 F.2d 588 (11th Cir. 1985), the United States Court of Appeals for the Eleventh Circuit addressed the issue of ambiguity in a chapter 13 plan. The court in Fawcett construed a chapter 13 plan against the debtor there because the plan proposed to pay secured creditors "in full--100%" but did not give a dollar amount, and a secured creditor had filed a claim stating that postpetition interest would be claimed under section 506(b). In re Fawcett, 758 F.2d at 589-90. The Fawcett court held that under those circumstances the plan was ambiguous and had to be construed against its draftsman, the

---

[2] In chapter 13, there is a distinction between postpetition and postconfirmation interest. "[P]ost-petition interest accrues on a prepetition claim for the period measured between the commencement of the case and the effective date of a confirmed plan. Postconfirmation interest refers to any interest that may accrue on a secured claim on and after the effective date of the plan." See 4 Allan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 506.04[2] (16th ed. 2010). Banco Popular makes no such distinction.

debtor. Id. at 590.  Therefore, the court interpreted that the plan provided for each and every part of the creditors claim, including postpetition interest. Id. at 591.

The bankruptcy court in the case of In re Abrams, 305 B.R. 920 (Bankr. S.D. Ala. 2002), faced facts similar to our case.  In Abrams, the chapter 13 plan proposed to pay $7,500 on a secured claim, and was silent as to whether the secured creditor would be paid interest.  After confirmation, the secured creditor moved to amend its claim to include postpetition interest and set aside the confirmation order.  The Abrams court denied the secured creditor's request finding that the creditor was on notice that the debtor intended to only pay $7,500.00, and as such, the creditor was bound by the confirmed plan.  Id. at 925. The Abrams court further noted that the creditor could not rely on the language of its proof of claim requesting interest, but that it needed to have objected to the plan. Id. at 924.

As in Abrams, here there is no ambiguity in this debtor's plan.  The debtor listed the dollar amount of Westernbank's claim that was to be paid in full: $23,544.72.  The inclusion of the dollar amount in the plan leads the court to conclude that the plan would satisfy in full the indebtedness to Westernbank by paying that specific amount.  The court also notes that Westernbank, even after confirmation of the plan, filed proof of claim number 8 that did not include any postpetition interest.  Westernbank was on notice of the modification of its claim to only pay the specific amount of $23,544.72, and did not object.

Banco Popular argues that, even assuming that the plan plainly disclosed the proposed modification to Westernbank's claim, the plan cannot be afforded *res judicata* effect under section 1327. [Banco Popular's motion for summary judgment at ¶ 68, Docket No. 78.] Under

9

that scenario, Banco Popular argues that in order to modify its claim, which is secured by the debtor's principal residence, the confirmed plan had to meet the requisites of section 1325(a)(5), which are mandatory for confirmation.  11 U.S.C. § 1322(c)(2).[3] [Banco Popular's motion for summary judgment at ¶¶ 69-70, Docket No. 78.]  But, that objection was not raised prior to confirmation.

The effect of a plan's confirmation is established under section 1327.  Section 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan." 11 U.S.C. § 1327(a).   Under section 1324(a), any party in interest may object to the confirmation of the plan.  If a creditor does not object to confirmation, section 1327 binds the creditor to the terms set forth in the plan and further precludes collateral attack of the plan's confirmation.  "[T]he interest in the finality of confirmation orders in bankruptcy proceedings is stronger than the bankruptcy court's obligation to verify a plan's compliance with the Bankruptcy Code." In re Burrell, 346 B.R. 561, 570 (1st Cir. B.A.P. 2006) (the failure of the creditor to object to its treatment under the plan or to appeal the final confirmation order results in the loss of its right to collect postpetition interest under section 1325(a)(5).).

---

[3] Section 1322(b)(2) prohibits the modification of claims secured only by a debtor's principal residence.  But, section 1322(c)(2) creates an exception to the rule by allowing debtors to modify under section 1325(a)(5) the claims secured only by a debtor's principal residence if the last payment on the claim is due before the last plan payment.  It is undisputed that the last payment on Banco Popular's mortgage was due before the final proposed payment under the plan, and therefore is subject to modification under section 1322(c)(2).

**VII. Conclusion.**

The motion for summary judgment filed by Banco Popular de Puerto Rico [at Docket No. 78] is denied. The debtors' objections to the amendments to proof of claim number 8 [at Docket Nos. 41 & 48] and the motion for summary judgment [at Docket Nos. 67 & 73] are granted. Proofs of claim 8-2, 8-3 & 8-4 are disallowed.

SO ORDERED.

In Ponce, Puerto Rico, this 14th day of April, 2014.

Edward A. Godoy
U.S. Bankruptcy Judge